

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2005

# Laszczowski v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3255

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Laszczowski v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1001.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1001

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3255
_____

BAZYLI A. LASZCZOWSKI,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES[*]

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A97 436 463)

_____

Submitted Under Third Circuit LAR 34.1(a)
June 15, 2005

Before:  SLOVITER, BARRY and FISHER, Circuit Judges

(Filed June 16, 2005)
_____

OPINION
_____

PER CURIAM

 Bazyli Laszczowski seeks review of a final order of removal issued by the Board

of Immigration Appeals (BIA).  For the reasons that follow, we will deny the petition.

_____

 [*]Caption amended pursuant to Rule 43(c), Fed. R. App. P.

Because the parties are familiar with the facts and background, we will not recount them except as necessary to our discussion. Laszczowski, a citizen of Poland, entered the United States as a visitor in 1985. In 2003, Laszczowski appeared before an immigration judge (IJ) and conceded removability for overstaying his visa. He applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) on the ground that he faced persecution and torture as a Jew. The IJ denied his asylum application as untimely, denied his remaining applications as lacking in merit, and ordered him removed to Poland. The BIA, by a single member, affirmed. Laszczowski now petitions for review.[1]

To the extent Laszczowski seeks to challenge the denial of asylum, he cannot do so in his petition for review because the IJ denied his asylum application as untimely.[2] Under the Immigration and Nationality Act, "[n]o court shall have jurisdiction to review any determination of the Attorney General" that an asylum application is untimely. 8 U.S.C. § 1158(a)(3). Section 1158(a)(3) thus deprives us of jurisdiction to review a

---

[1] We have jurisdiction over Laszczowski's petition for review pursuant 8 U.S.C. § 1252. Although Laszczowski refers in his brief to a district court decision and a motion to reopen proceedings with the BIA, our jurisdiction extends only to reviewing the final order of removal, i.e., the BIA's order of July 7, 2004.

[2] An alien must prove by clear and convincing evidence that he filed his asylum application within one year of arrival in the United States. 8 U.S.C. § 1158(a)(2)(B); Tarrawally v. Ashcroft, 338 F.3d 180, 184 (3d Cir. 2003). An alien's failure to file an asylum application within one year may be excused if he can establish extraordinary circumstances relating to the delay in filing the application. 8 U.S.C. § 1158(a)(2)(D); Tarrawally, 338 F.3d at 184.

2

determination "that an asylum petition was not filed within the one year limitations period, and that such period was not tolled by extraordinary circumstances." Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003).

Notwithstanding, we retain jurisdiction to review the denial of statutory withholding of removal, as well as the denial of relief under the CAT. See id. at 186. We review the BIA's denial of withholding of removal and CAT relief for substantial evidence and will uphold the BIA's determinations "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003). In order to obtain statutory withholding of removal, Laszczowski must demonstrate that his life or freedom would be threatened in Poland because he is Jewish. See 8 U.S.C. § 1231(b)(3)(A). This requires him to show "that it is more likely than not that he will face persecution" if removed. Miah v. Ashcroft, 346 F.3d 434, 439 (3d Cir. 2003). In order to obtain CAT relief, Laszczowski must show that it is more likely than not that he will be tortured if removed to Poland. See 8 C.F.R. § 1208.16(c)(2); Zubeda, 333 F.3d at 471.

We have reviewed the record as a whole and find reasonable, substantial, and probative evidence to support the BIA's decision. In particular, we agree with the IJ that Laszczowski failed to provide any evidence that he was persecuted or tortured in Poland on the basis of religion, or that his life or freedom will be threatened or that he will be tortured if returned to Poland.

Finally, Laszczowski asserts in his brief that he is eligible for cancellation of removal under 8 U.S.C. § 1229b. One of the requirements for cancellation of removal is to establish "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States." 8 U.S.C. § 1229b(b)(1)(D). As the IJ described, Laszczowski was unable to even locate his wife, from whom he has been separated for some time, much less demonstrate an extreme hardship to her if he is removed. Nothing in the record undermines the IJ's conclusion in this regard.

In sum, the BIA's decision is supported by reasonable, substantial, and probative evidence on the record as a whole. Accordingly, we will deny Laszczowski's petition for review.